UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EARNEST W. YAEGER, JR., individually and as Trustee of the Earnest W. Yaeger, Jr. Revocable Living Trust, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:14-cv-795-JCH |
| WYNDHAM VACATION RESORTS, INC., and WYNDHAM VACATION OWNERSHIP | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Earnest W. Yaeger, Jr.'s ("Yaeger") Motion to Remand ("Motion"), which Yaeger filed on May 23, 2014. (ECF No. 19). Defendants Wyndham Vacation Resorts ("WVR") and Wyndham Vacation Ownership ("WVO") (collectively "Defendants") filed a response on June 2, 2014. (ECF No. 26). Yaeger has filed no reply, and the time to do so has expired.

## BACKGROUND

Yaeger initiated this action by filing a petition in the Circuit Court for the City of St. Louis ("Petition") on March 21, 2014. (Petition, ECF No. 2). Defendants timely removed on April 24, 2014. (Removal Notice, ECF No. 1). This particular action did not initiate the litigation history between the parties. Yaeger initially filed suit against Defendants in the U.S. District Court for the Northern District of Alabama on November 18, 2011. (Yaeger Brief, ECF No. 27, at 2). That case was consolidated with several others and eventually transferred to the United States District Court for the Middle District of Florida. *Id.* A Federal Magistrate in the Middle

District of Florida recommended dismissal of the case without prejudice, finding that the amount in controversy had not been pled adequately to support diversity jurisdiction. *Id.* The District Court adopted the Magistrate's recommendation. *Id.*

The parties' dispute centers around a series of commercial transactions between Yaeger and Defendants.[1] Plaintiff Yaeger alleges that WVO "develops, markets and sells vacation ownership interests, provides consumer financing to owners, and manages properties through its three primary consumer brands[,]" one of which is WVR. (Petition ¶ 9). Yaeger purchased a large number of timeshares from Defendants. *Id.* ¶¶ 10, 12. He purchased a substantial majority of those timeshares not for his personal use, but rather to rent them to other individuals. *Id.*

Yaeger alleges that Defendants seemed receptive to the rationale underlying his timeshare purchases. Indeed, Defendants' representatives made representations on at least three occasions—in Nevada, Hawaii, and North Carolina—that "the Wyndham system and facilities were available to run his rental business within the confines of the Wyndham system and that Wyndham's systems would be there to support and run his rental business[.]" (Petition ¶¶ 99-101). Yaeger claims to have relied on those representations in purchasing more than $750,000 worth of timeshares from Defendants. *Id.* ¶ 103. Yaeger also alleges that, at the times Defendants' representatives claimed to be supportive of Yaeger's endeavors, Defendants were secretly researching ways in which they could undermine individuals like Yaeger, who purchased large amounts of timeshares with the intention of renting them to others. (Petition ¶¶ 38-89). In time, Defendants acted on that research and implemented policies that are inhospitable to so-called "Megarenters" like Yaeger. *Id.*

---

[1] Plaintiff claims not to know how accurately to delineate between the conduct of WVR and WVO and therefore refers to them in the collective throughout the Petition.

The Petition contains eight counts against Defendants: (I) Breach of Contract; (II) Fraud and Fraudulent Inducement; (III) Fraudulent Concealment and Suppression; (IV) Negligence; (V) Negligent Hiring, Training, Supervision and Retention; (VI) Wanton and Reckless hiring, Training, Supervision and Retention; (VII) Declaratory Judgment; and (VIII) Injunction. Plaintiff suggests that remand of the case to the Circuit Court for the City of St. Louis is necessary because the amount-in-controversy issue has already been decided by the U.S. District Court for the Middle District of Florida. (Yaeger Brief at 5).

## ANALYSIS

As a general rule, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action was pending." 28 U.S.C. § 1441(a). This means, in part, that the federal district court must have subject-matter jurisdiction over the action. Otherwise, the court must remand the action back to the state court in which it was initiated. 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1332, federal courts have subject-matter jurisdiction over matters in which plaintiffs and defendants are citizens of different states and the amount in controversy exceeds $75,000. Only the amount-in-controversy requirement is disputed here.

"The proponent of diversity jurisdiction has the burden of proving that the amount in controversy exceeds the jurisdictional minimum." *Bell v. Hershey*, 557 F.3d 953, 956 (8th Cir. 2009). While this burden ordinarily falls on a plaintiff who initiates an action in federal court, the burden falls on defendants in the removal context. *Id.* In situations such as this one, in which a plaintiff's state petition alleges a minimum amount lower than the threshold amount under

§ 1332,[2] the removing defendant "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003); 28 U.S.C. § 1446(c)(2)(B). More precisely, the defendant must show by a preponderance that a fact finder "*might* legally conclude" that damages exceed $75,000. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012) (emphasis in original). This burden "constitutes a pleading requirement, not a demand for proof[,]" *id.* at 945 (internal quotation marks omitted),[3] although facts outside of the pleadings may be used for additional support. *See, e.g.*, *Hug v. American Traffic Solutions, Inc.*, 2014 WL 1689303 at *3 (E.D. Mo. Apr. 29, 2014).

As an initial matter, the Court notes that Yaeger's sole contention in favor of removal—that the jurisdictional issue has already been determined in a prior action and cannot be collaterally attacked—is without merit here. Yaeger is correct that "dismissal of a complaint for lack of jurisdiction . . . does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims." (Support Brief at 5 (quoting *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980)). But this rule is subject to an important exception. Dismissal based on a lack of subject-matter jurisdiction does not preclude reconsideration of the question if "the justiciability problem can be overcome." *Oglala Sioux Tribe of the Pine Ridge Indian Reservation v. Homestake Mining Co.*, 722 F.2d 1407, 1411 (8th Cir. 1983) (internal quotation marks omitted). Thus, where the court dismisses the first action without prejudice for a pleading deficiency, a correction of or amendment to the pleadings makes

---

[2] Yaeger's Petition requests damages "in excess of Twenty-Five Thousand Dollars[.]" (Petition ¶ 96).
[3] While *Hartis* applies these principles in the context of the Class Action Fairness Act, the Court sees no difference in the underlying pleading principles that would require a defendant to produce a different type of evidence. *See, e.g.*, *Bell v. Hershey Co.*, 557 F.3d 953, 956 (2009) (applying non-CAFA pleading principles to CAFA case and noting that CAFA "did not impact the traditional rule that the party attempting to remove bears the burden of establishing subject matter jurisdiction").

possible a reconsideration of the jurisdictional issue. *See id.*; *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 956 (8th Cir. 2001) (noting that "a plaintiff whose action is dismissed without prejudice . . . may file a new action correcting the deficiencies in the first action").

Yaeger's Petition is different from the complaint it filed in the Middle District of Florida (the "Florida Complaint") in at least one important way: it contains a specific allegation that provides a basis for valuing the damages it claims. The only allegation Yaeger included in his Florida Complaint to satisfy the amount-in-controversy requirement was the following: "Plaintiff has invested approximately $750,000 in timeshare points in order to operate his rental business. Plaintiffs[4] will be seeking damages well in excess of $750,000 in this case based on Defendants' conduct, as described below, which has destroyed Plaintiff's ability to continue to operate his business." (Florida Complaint, ECF No. 26-4, ¶ 5). Yaeger then included an unspecified claim for compensatory damages in each count filed. *See, e.g.*, *id.* ¶ 47. The magistrate and district judge found that these allegations were conclusory and therefore failed to satisfy the amount-in-controversy pleading standard.

Yaeger's Petition has corrected this deficiency with a subtle, yet crucial, amendment. Yaeger alleges, as he did in the Florida Complaint, that in reliance on Defendants' alleged misrepresentations, he "has invested in excess of $750,000 in Wyndham timeshare points, and owes substantial amounts per month for maintenance and other fees based on the number of points [he] purchased." (Petition ¶ 103). But unlike in the Florida Complaint, Yaeger does not merely make a conclusory allegation that he will therefore be seeking well in excess of $75,000. Instead, Yaeger claims specifically that he "has suffered damages as a result of Wyndham's

---

[4] Yaeger's case in the Middle District of Florida was consolidated with a number of other cases filed by plaintiffs who made similar claims against Defendants.

actions, including but not limited to, *loss of his investment*[.]" (Petition ¶ 108 (emphasis added)). This is no mere vague allegation. Instead, it is a specific valuation, in combination with the paragraph alleging the amount of his investment, of the damage Defendants' alleged misrepresentations have done to Yaeger. The Petition and Florida Complaint are therefore sufficiently different that the conclusion reached by the Middle District does not foreclose inquiry by this Court as to the existence of subject-matter jurisdiction.

And in addition to allowing the Court to examine afresh the issue of subject-matter jurisdiction, this crucial distinction also provides a sufficient basis on which to conclude that the amount-in-controversy threshold has been crossed. Again, Yaeger has allegedly invested over $750,000 in timeshare points based on Defendants' representations. He now claims damages for loss of that entire investment. This claim on its own would be a sufficient basis on which to conclude that more than $75,000 are at stake in this action, even without the several other claims and types of damages Yaeger has included in his Petition. It therefore would be quite reasonable, based on the pleadings, for a factfinder to conclude that Yaeger is entitled to more than $75,000.

There is also proof outside of the record—specifically Yaeger's conduct in this proceeding and past proceedings—that provides additional support. *See, e.g.*, *Schudy v. Gordon*, 2006 WL 859279 at * 1 (E.D. Mo. March 28, 2006) (including plaintiff's conduct in a list of evidence relevant to the determination of amount in controversy). Two facts stand out. Yaeger initially pursued remedies against Defendants in a federal court based on substantially similar allegations. Therefore, Yaeger clearly believed at some point that his cause of action against Defendants is worth more than $75,000. While that case was dismissed for lack of subject-matter jurisdiction, its dismissal was based on a pleading failure rather than on a substantive failure. Further, Yaeger at no point in the briefing of this Motion contends that the amount in

controversy is below $75,000. Rather, his only contention is that the issue has been foreclosed by an earlier proceeding. This is a conspicuous omission in the context of a motion for remand in which the primary dispute is the sufficiency of the amount-in-controversy allegations. These actions, even in combination, would not in themselves be a sufficient basis on which to determine whether the amount-in-controversy threshold has been crossed. But when viewed in light of the pleadings in the case, they lend a great deal of weight to Defendants' contention that the amount in controversy here exceeds $75,000.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Earnest W. Yaeger's Motion to Remand, (ECF No. 19), is **DENIED**.

Dated this 8th day of July, 2014.

/s/ Jean C. Hamilton  
UNITED STATES DISTRICT JUDGE