UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| EARNEST W. YAEGER, JR., | ) |
| individually and as Trustee of the | ) |
| Earnest W. Yaeger, Jr. Revocable | ) |
| Living Trust, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:14-cv-795-JCH |
| | ) |
| WYNDHAM VACATION RESORTS, | ) |
| INC., and WYNDHAM VACATION | ) |
| OWNERSHIP | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Wyndham Vacation Resorts, Inc.'s ("WVR") and Wyndham Vacation Ownership's ("WVO") (collectively "Defendants") Motion to Dismiss for, *inter alia*, lack of personal jurisdiction ("Motion"). (ECF No. 7). The Motion has been fully briefed and is ready for disposition.

## BACKGROUND

Plaintiff Earnest Yaeger ("Yaeger") initiated this action by filing a petition in the Circuit Court for the City of St. Louis ("Petition") on March 21, 2014. (Petition, ECF No. 2). Defendants timely removed on April 24, 2014. (Removal Notice, ECF No. 1). This particular action did not initiate the litigation history between the parties. Yaeger initially filed suit in the U.S. District Court for the Northern District of Alabama on November 18, 2011. (Yaeger Reponse, ECF No. 27, at 4). That case was consolidated with several others and eventually transferred to the United States District Court for the Middle District of Florida. *Id.* A Federal Magistrate recommended dismissal of the case without prejudice for lack of subject matter jurisdiction, finding that the

amount in controversy had not been adequately pled to support diversity jurisdiction. *Id.* The Magistrate's recommendation was adopted by the U.S. District Court for the Middle District of Florida. *Id.*

The dispute centers around a series of commercial transactions between Yaeger and Defendants.[1] According to Yaeger,[2] "Wyndham Vacation Resorts is part of Wyndham Vacation Ownership, the world's largest timeshare company." (Petition ¶ 6). WVR and WVO are both Delaware corporations with their principal places of business in Florida. Both allegedly conduct business in St. Louis and maintain a registered agent for service of process in St. Louis. *Id.* ¶¶ 2, 3. Yaeger is a Missouri citizen and acts as trustee of the Earnest Yaeger Revocable Trust. *Id.* ¶ 1.

WVO "develops, markets and sells vacation ownership interests, provides consumer financing to owners, and manages properties through its three primary consumer brands[,]" one of which is WVR. (Petition ¶ 9). Yaeger purchased a large number of timeshares from Defendants. *Id.* ¶¶ 10, 12. He purchased a substantial majority of those timeshares not for his personal use, but rather to rent the interests to other individuals. *Id.*

Yaeger alleges that Defendants were receptive to the rationale underlying his timeshare purchases. Indeed, Defendants' representatives made representations on at least three occasions—in Nevada, Hawai'i, and North Carolina—that "the Wyndham system and facilities were available to run his rental business within the confines of the Wyndham system and that Wyndham's systems would be there to support and run his rental business[.]" (Petition ¶¶ 99-101). Yaeger claims to have relied on those representations in purchasing more than $750,000 worth of timeshares from Defendants. *Id.* ¶ 103. Yaeger also alleges that, at the times Defendants' representatives made those statements, Defendants were researching ways in which

---

[1] Yaeger claims not to know how to delineate accurately between the conduct of WVR and WVO and therefore refers to them in the collective throughout the Petition.
[2] All facts are set out as alleged in the Petition unless otherwise specified.

they could undermine individuals like Yaeger, who purchased large numbers of timeshares with the intention of renting them to others. (Petition ¶¶ 38-89). In time, Defendants acted on that research and implemented policies that are inhospitable to so-called "Megarenters" like Yaeger. *Id.*

The Petition contains eight counts against Defendants: (I) Breach of Contract; (II) Fraud and Fraudulent Inducement; (III) Fraudulent Concealment and Suppression; (IV) Negligence; (V) Negligent Hiring, Training, Supervision and Retention; (VI) Wanton and Reckless Hiring, Training, Supervision and Retention; (VII) Declaratory Judgment; and (VIII) Injunction. Defendants' Motion contains numerous grounds for dismissal, one of which is a lack of personal jurisdiction over the Defendants. Because the Court agrees that it lacks personal jurisdiction and that dismissal is therefore appropriate, it is unnecessary to discuss Defendants' other contentions.

## **MOTION TO DISMISS STANDARD**

In the context of a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), "[t]he party invoking jurisdiction of a federal court bears the burden to show that jurisdiction exists. To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff is only required to make a prima facie showing of personal jurisdiction over the defendant." *Anheuser-Busch, Inc. v. City Merchandise*, 176 F.Supp.2d 951, 955 (E.D. Mo. 2001) (internal citations omitted). This "prima facie showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Block Industries v. DHJ Industries, Inc.*, 495 F.2d 256, 260 (8th Cir. 1974) (internal quotation marks omitted). The attachments to the briefing must present "some evidence upon which a prima facie showing of jurisdiction may be found to exist[.]" *See Aaron Ferer & Sons Co. v. Diversified Metals Corp.*, 564 F.2d 1211, 1215 (8th Cir. 1977).

## ANALYSIS

Federal courts have personal jurisdiction over a properly served defendant if a court in the forum state would have jurisdiction over that defendant. Fed. R. Civ. P. 4(k). Personal jurisdiction can be either general, meaning a court within the jurisdiction can hear any matter in which the party is involved, or specific, meaning the court's power over the party is limited to the specific matter before it.

There are two components to a federal court's determination of whether general jurisdiction over a party exists. *See Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co.*, 646 F.3d 589 (8th Cir. 2011). The first is to determine whether the forum state in which the court is located would authorize jurisdiction. In Missouri, courts have general jurisdiction over a corporation "when that corporation is 'present and conducting substantial business in Missouri.'" *Id.* (quoting *State ex rel. K-Mart Corp. v. Holliger*¸986 S.W.2d 165, 165 (Mo. 1999) (*en banc*)). In addition, the exercise of jurisdiction must comport with the jurisdictional limitations imposed under the Due Process Clause. In that context, general jurisdiction exists when a party's interaction with the forum state is "so 'continuous and systematic' as to render [the party] essentially at home in the forum [s]tate." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).

A federal court also performs a two-part inquiry to determine whether it may exercise specific jurisdiction over a non-resident defendant. First, the court must determine whether the defendant committed one of the acts enumerated in the state long-arm statute. *Angelica Corp. v. Gallery Mfg. Corp.*, 904 F.Supp. 993, 996 (E.D. Mo. 1995). If so, the court must determine whether the exercise of jurisdiction comports with the requirements of due process. *Id.* (citations omitted). Missouri's long-arm statute permits the exercise of specific jurisdiction over out-of-

state defendants when a cause of action arises from the performance of at least one of the acts enumerated in the statute. Mo. Rev. Stat. § 506.500(1). The three types of action relevant here are: "(1) The transaction of any business within this state; (2) The making of any contract within this state; [and] (3) The commission of any tortious act within this state." *Id.* If any of these types of contacts exist, due process requires that they be significant enough so as not to "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Thus, in order to survive this Motion, Yaeger must adduce sufficient facts to make a prima facie case either that Defendants are essentially at home in Missouri or that their contacts with Missouri in relation to this litigation allow the Court fairly to render judgment.

Yaeger's opposition brief explicitly addresses only specific jurisdiction. In his brief, Yaeger includes two assertions to support his contention that such jurisdiction exists. He asserts first that

> the present lawsuit is brought by a local Missouri plaintiff against a domestic[3] defendant based on events occurring almost entirely in the state of Missouri. Representations, assurances, sales pitches, problems, solutions, reservations and general communications were made by e-mail and phone between [Yaeger] in Missouri and Defendants. Deeds and contracts between [Yaeger] and Defendants were sent to and signed in Missouri. [Yaeger] makes and cancels reservations daily from his home in Missouri. These general communications and e-mails are referenced in the [Petition].

(Yaeger Opposition at 5). The final sentence of the quoted portion underscores the problem with Yaeger's contention: while the contacts mentioned may have been referenced in the Petition,[4] the record does not contain a single supporting fact. Yaeger also implies, but does not directly assert, that he and Defendants "negotiate[d], consummate[d], and partially perform[ed] an agreement

---

[3] In this context, the term "domestic" means that Defendants are American corporations.
[4] The Court is not convinced that these contacts have in fact been referenced in the Petition. The Petition mentions several representations made in Nevada, Hawaii, and North Carolina. It mentions none in Missouri. Similarly, it does not mention any specific contracts that were executed in Missouri.

that contemplated future contacts with" Missouri. (Yaeger Opposition at 5). Again, the record contains no evidence of these activities.

Stated briefly, Yaeger's bare assertions of jurisdiction are insufficient to survive this Motion. After Defendants challenged the Court's personal jurisdiction, Yaeger had an obligation to provide some factual support for the jurisdictional claims made in his Petition and in the briefing of this motion. He has not done so. By failing to provide any evidence of the jurisdictional facts asserted, Yaeger has fallen short of his burden. The Court therefore cannot conclude that it has power over the Defendants in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 7), is **GRANTED**, and Plaintiff Earnest W. Yaeger Jr.'s Petition is **DISMISSED WITHOUT PREJUDICE**. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 17th day of July, 2014.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE